UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | Case No. 15-CR-0247(1) (PJS/SER) |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| WILLIAM JAMES DAVIS, | |
| Defendant. | |

This matter is before the Court on defendant William James Davis's motion to proceed on appeal without prepaying the filing fee. A litigant who seeks to be excused from paying the filing fee for an appeal may apply for *in forma pauperis* ("IFP") status. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). To qualify for IFP status, a litigant must demonstrate that he cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

After reviewing the record, the Court concludes that Davis is not financially eligible for IFP status. For one thing, Davis has sufficient assets to cover the $505 filing fee. His IFP application values his home at more than $190,000, and he claims that he has $150 in cash, as well as over $1,300 in an investment account. ECF No. 217 at 2-3. More importantly, Davis is still receiving a substantial income. His IFP application states that his average monthly income over the last year was $7,642, and he expects to

receive $6,218 in retirement benefits next month.[1]  *Id.* at 1-2.  His expenses are much less—only $4,255 every month.  *Id.* at 4-5.  Similarly, the presentence investigation report estimates Davis's monthly income at $7,960 and his monthly expenses at $3,353.  PSR ¶ 105.  These numbers suggest that Davis makes somewhere between $74,616 and $95,520 per year,[2] and his net cash flow—after deducting his monthly expenses—is somewhere between $1,963 and $4,607 per month.  That leaves plenty of money to pay the filing fee.

Nevertheless, Davis argues that he cannot afford to pay the filing fee because of his "forthcoming" liabilities, which include taxes, a special assessment of $1,600, and a restitution obligation of $387,064.  *See* ECF No. 212 at 6; ECF No. 217 at 6.  The Court finds this argument unpersuasive for two reasons.  First, Davis's sentence is currently on appeal, so his restitution obligation (which is part of his sentence) is not yet final.  *See* ECF No. 216.  Second, even if the Court took Davis's restitution obligation into account, Davis's monthly income would still far exceed his monthly expenses.  While Davis is in prison, he only has to make minimal payments toward his restitution obligation—50 percent of his UNICOR earnings, or $25 every quarter if he is not

---

[1] Neither figure includes the interest or dividends that Davis also receives every month.  *See* ECF No. 217 at 1-2.

[2] To put this in perspective, the latest federal poverty guideline for a two-person household in one of the 48 contiguous states is $16,240.  Annual Update of the HHS Poverty Guidelines, 82 Fed. Reg. 8831, 8832 (Jan. 31, 2017).

working for UNICOR. ECF No. 212 at 7. After Davis is released from prison, he only has to make monthly payments of $100 toward his restitution obligation, unless the probation officer determines that he is able to pay more than that amount. *Id.* Compare that to Davis's net cash flow of several *thousand* dollars every month, and it is difficult to accept Davis's argument that he is presently unable to afford to pay the filing fee.

For all of these reasons, the Court concludes that Davis is not financially eligible for IFP status.[3]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant William James Davis's motion to proceed *in forma pauperis* on appeal [ECF No. 217] is DENIED.

Dated: June 5, 2017            s/Patrick J. Schiltz
                                                       Patrick J. Schiltz
                                                       United States District Judge

---

[3] Given its finding that Davis is not financially eligible for IFP status, the Court need not decide whether Davis's appeal is taken in good faith.